UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE MARTIN *et al.*,

  Plaintiffs,

v.  CAUSE NO. 3:20-CV-13 DRL-MGG

THOR MOTOR COACH INC.,

  Defendant.

OPINION & ORDER

Clarence and Terri Martin purchased a recreational vehicle manufactured by Thor Motor Coach, Inc., which they claim is a dud. After months of attempts to fix various defects, the Martins filed this action alleging Thor breached its express and implied warranties. Thor believes the Martins waited too long to file this action and asks the court to dismiss the case. The court agrees with Thor only in part and thus partially grants and denies the company's motion.

BACKGROUND

These facts emerge from the complaint's well-pleaded allegations. On March 24, 2018, the Martins purchased a 2018 Thor Hurricane M29 motorhome from a dealer. Thor manufactured the recreational vehicle and provided a written limited warranty (ECF 20-2, 25-1). The warranty explicitly limited the period in which a buyer could bring a warranty action to 15 months after the breach (ECF 20-2 at 2).

Shortly after receiving their vehicle, the Martins say they noticed several alleged defects that diminished the vehicle's value and impaired their use. The Martins tendered the RV for repairs on or about May 3, 2018, when it was in service for 43 days, and July 26, 2018, when it remained in service for approximately 180 days. Despite the attempted repairs, the Martins allege the RV remains defective and that Thor breached its limited warranty by failing to fix the defects.

On September 23, 2019, the Martins sued, alleging Thor breached its express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* Thor now requests the court to dismiss these claims as untimely.

## STANDARD

Though both parties argued the instant motion as one under Federal Rule of Civil Procedure 12(b)(6), the court reviews the motion under Rule 12(c) because the pleadings have closed; however, the court uses the same standard. *See Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014) (Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6)); *see also Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 470 n.2 (7th Cir. 1997) (treating a motion to dismiss under 12(b)(6) as a 12(c) motion because they can be reviewed using the same standard).

In reviewing the motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

A statute of limitations defense is an affirmative defense; a complaint need not anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Though a limitations defense isn't normally a part of a motion to dismiss, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal

for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if the claim is "indisputably time barred").

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735. This allowance applies particularly in cases of contractual interpretation. *Levenstein*, 164 F.3d at 347. Accordingly, the court considers the written warranty that both parties have attached to their briefing but excludes Celina Tyler's affidavit.[1]

## DISCUSSION

The argument at this stage revolves around whether the Martins timely filed their claims. Thor says the Martins were required to bring any claims for breach of the written or implied warranties within 15 months after the RV's delivery. The Martins view the 15-month limitation ineffective for a number of reasons.

The MMWA lacks its own statute of limitations, so the court must borrow a limitations period from an analogous state cause of action. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995). The parties agree that Indiana's statute of limitations applies. The court also applies "any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel." *Indep. Trust Corp. v.*

---

[1] Ms. Tyler's affidavit references a warranty registration that was supposed to be attached as Exhibit C to Thor's memorandum; however, no such exhibit was attached.

3

*Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010)).

Under Indiana law, the statute of limitations for breach of any contract for sale is normally four years after the cause of action accrues; a claim accrues at the time of breach when the warranty doesn't extend to future performance. Ind. Code § 26-1-2-725. The parties may reduce that period by contract to not less than one year. Ind. Code § 26-1-2-725(1). Thor argues that its warranty did just that—it reduced the limitations period to 15 months.

The Martins argue that the reduced period of limitations is a modification of the implied warranty that must be conspicuous and presented at the time of purchase. Under Indiana law, a modification or exclusion of an implied warranty can be ineffective if it wasn't a basis of the bargain or if it wasn't conspicuous. *See* Ind. Code § 26-1-2-316(2); *Hahn v. Ford Motor Co.*, 434 N.E.2d 943, 947-48 (Ind. Ct. App. 1982). The MMWA invalidates modifications of an implied warranty, save those limiting its duration, when a written warranty is supplied. 15 U.S.C. § 2308.

That said, the Martins cite no authority that reducing the limitations period is a modification of an implied warranty. Neither the UCC nor the MMWA define modification, but courts have held that modifications are changes that eliminate the quality commitment in a warranty. *Hahn*, 434 N.E.2d at 952 (citing *Gladden v. Cadillac Motor Car Division*, 416 A.2d 394, 399 (N.J. 1980)); *see also Iron Dynamics v. Alstom Power, Inc.*, 2007 U.S. Dist. LEXIS 77164, 13 (N.D. Ind. Oct. 15, 2007) (Cosbey, J.). Generally, they limit "the circumstances in which the seller or manufacturer may be deemed to be in breach of warranty." *Hahn*, 434 N.E.2d at 952.

Reducing the statute of limitations doesn't fit this definition. "A statute of limitations neither excludes nor modifies warranties, but only limits the period of time in which an action may be brought." *Jandreau v. Sheesley Plumbing & Heating Co.*, 324 N.W.2d 266, 273 (S.D. 1982). Unlike an

exclusion or modification, the statute of limitations doesn't bear on when a warranty has been breached; in fact, it only begins to run at the moment a breach occurs. *See* Ind. Code § 26-1-2-725.

The Martins' arguments unravel because the 15-month period remains enforceable. They say the 15-month limitations period is void because Thor cannot show they received the written warranty at the time of purchase. This is an odd assertion given they pleaded that their "purchase of the RV was accompanied by the written warranty offered by Thor and extending to Plaintiffs." This well-pleaded fact undermines their argument now.

The Martins say the 15-month limitations period is unenforceable because this warranty provision wasn't conspicuous. The court need not decide whether the language here was conspicuous because it wasn't an exclusion or modification. A manufacturer should not obfuscate or hide such pertinent language, but that wasn't done here, no matter the frequency and variance of emphasis and conspicuousness used within this warranty. The Martins' claims must meet the 15-month window.

Now the court must determine when that window opened and shut. For their written warranty claim, the Martins argue that the period began to run after Thor's failed attempts to repair the RV. The Martins contend that this comports with the MMWA's requirement that they afford the company a reasonable opportunity to cure. Though MMWA claimants must show that they gave the warrantor a reasonable opportunity to cure its failure to comply with the warranty, *see* 15 U.S.C. § 2310(e); *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011), this federal law merely establishes the conditions to a federal suit rather than create an independent form of liability, *see* 15 U.S.C. § 2310(e); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action"); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for state claims"). In other words, the MMWA

relies on the state cause of action and acts as a vehicle for it in federal court. *Anderson*, 662 F.3d at 781. When a state claim fails, so does the MMWA claim. *See Priebe*, 240 F.3d at 587.

Because the MMWA hinges on a viable state claim, the court must look to when a breach occurs under Indiana law. Under Indiana law, a breach of warranty typically occurs at the time of delivery. Ind. Code § 26-1-2-725(2). There is an exception for warranties that "explicitly extend[] to future performance of the goods [when] discovery of the breach must await the time of such performance." *Id.* Because the statute requires an explicit statement to extend the warranty to future performance, implied warranties by definition cannot extend to future performance. *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 377 (Ind. 2019) (quoting *Stumler v. Ferry-Morse Seed Co.*, 644 F.2d 667, 671 (7th Cir. 1981)). The Martins also haven't argued that the written warranty here extends to future performance, and it in fact expressly forecloses such a position (ECF 20-2 at 3).

Instead, the Martins argue that the breach occurred only after reasonable attempts to fix the defects. They say a breach could not occur until they first provided Thor a reasonable opportunity to cure and the warranty failed of its essential purpose. A breach of this type occurs when "circumstances cause an exclusive or limited remedy to fail of its essential purpose," *Mathews v. REV Rec. Grp., Inc.*, 931 F.3d 619, 622 (7th Cir. 2019) (citing Ind. Code § 26-1-2-719(2)); *see also Swan Lake Holdings, LLC v. Yamaha Golf Cart Co.*, 2010 U.S. Dist. LEXIS 103405, 17-18 (N.D. Ind. Sept. 27, 2010) (Simon, J.); *Cimino v. Fleetwood Enters.*, 542 F. Supp.2d 869, 887-88 (N.D. Ind. 2008) (Springmann, J.), though Indiana law classifies this claim as a breach of contract claim, not a breach of warranty claim, *see Kenworth*, 134 N.E.3d at 379 n.3. That makes perfect sense because the remedy that a buyer was promised in contract, but never received, should be redressed in contract when the warranty has proven empty.[2] *See id.* The MMWA provides federal jurisdiction for certain breach of contract claims

---

[2] In the words of *Kenworth*: "For example, if a seller limits a buyer's exclusive remedy to repair or replacement and then incompetently repairs or replaces the defective good (effectively resulting in a failure to perform), then the UCC gives the buyer a different remedy enforceable at law. Since a buyer in this example should be able to

too, not just warranty claims, *see, e.g.*, *Priebe*, 240 F.3d at 587, particularly under its plain language for a supplier's or warrantor's failure to comply with any obligation under the MMWA or under a written warranty or service contract, *see* 15 U.S.C. § 2310(d); *see also* 15 U.S.C. §§ 2301(6) (defining written warranty), 2301(8) (defining service contract). So the loss of warranty claims in favor of only the contract claim leaves the court's subject matter jurisdiction intact.

Under Indiana law, there are consequently two potential moments of breach in this case: the first upon delivery of any nonconforming goods (breach of warranty), *Kenworth*, 134 N.E.3d at 376-77, and the second upon the failure of an exclusive remedy (breach of contract), *id.* at 379 n.3. By law, the former breach would trigger the 15-month period of limitation immediately upon delivery of the RV (March 2018) such that any warranty claim, express or implied, would be barred because the claim wasn't filed by June 2019. By law, the latter breach would trigger the limitations period at the time the warranty's remedies failed of their essential purpose, the earliest possible date being when the Martins received the RV after six months of attempted repairs (February 2019).

The parties may contract differently; but, under these facts, the warranty leaves these results under Indiana law undisturbed. Thor's warranty provided what it called a "sole and exclusive" (later called a "primary") remedy to repair any defects. It then provided a "back-up remedy" for the Martins to take the vehicle to an independent service shop of their choice to perform repairs or, if the defect proved uncurable, for Thor to pay "diminished value damages." Warranties are designed to market products, provide a remedy for defective ones, and protect a manufacturer—they serve all three purposes. Within that guise, companies can, and often prudently do, specify and limit remedies available to a buyer within a warranty. *See, e.g.*, Ind. Code § 26-1-2-719(1)(a). The "UCC allows parties

---

enjoy the benefit of a bargained-for remedy, we envision the buyer vindicating that right through a breach-of-contract cause of action that alleges the remedy failed its essential purpose. Such a cause of action would accrue when the breach occurred, that is, when the seller's repair and replacement remedy failed its essential purpose." *Kenworth*, 134 N.E.3d at 379 n.3 (citations omitted).

to bargain for a limited remedy to serve as an exclusive remedy." *Kenworth*, 134 N.E.3d at 379 (citing Ind. Code § 26-1-2-719(1)(b)). A product seller thus frequently offers the remedies of replacement and repair, and often some *pro rata* refund in the event that these other remedies prove unworkable.

Here, Thor did more than just create a series of contractual remedies; it expressly sought to prohibit buyers from their "other legal or equitable remedies" until their contractual remedies had been exhausted and failed of their essential purpose: "The repair remedy and the back-up remedy **MUST** both be exhausted **AND** these remedies must fail to fulfill their essential purpose before you can seek other legal or equitable remedies for breach of this express warranty or for breach of any implied warranty." Though a largely undeveloped argument, the Martins mention this exhaustion provision only in passing while arguing that it affects when the breach of warranty occurred. At no time have the Martins argued that this exhaustion provision contractually tolls the limitations period or serves as a representation that should equitably estop its limiting effect. *See*, *e.g.*, *id.* at 385; *see also Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. 1990). Thor offers no argument on this point at all.

The court must enforce an interpretation of the warranty that "harmonizes all its provisions." *Ryan v. TCI Architects/Engineers/Contrs., Inc.*, 72 N.E.3d 908, 914 (Ind. 2017) (citing *Kelly v. Smith*, 611 N.E.2d 118, 121 (Ind. 1993)); *see also Perrill v. Perrill*, 126 N.E.3d 834, 840-41 (Ind. Ct. App. 2019). The court can conceive of this exhaustion provision placing buyers in a quandary of complying with the 15-month limitations period—*e.g.*, that period running before the buyers could have exhausted their remedies or before the warranty's remedies have failed their essential purposes—thus seeming to erect a remedy without a right. Unsophisticated RV consumers aren't likely to ask for a written tolling agreement. But here the two warranty provisions don't operate that way. In February 2019, when the Martins say the warranty failed of its essential purpose after the attempted repairs, they still had time to sue within the 15-month period. *See Anderson*, 662 F.3d at 783 ("a buyer does not have to wait indefinitely for the seller to cure"). Accordingly, the court construes the exhaustion provision, under

8

the facts of this case, as erecting conditions precedent to suit rather than tolling any contractual limitations period or estopping its fair operation. *See also Mathews*, 931 F.3d at 622 (viewing a back-up remedy as a precursor to a warranty failing of its essential purpose); *Aamco Transmission v. Air Sys., Inc.*, 459 N.E.2d 1215, 1217 (Ind. Ct. App. 1984) ("our research reveals cases in which the opportunity to remedy defects was a condition precedent to the [buyer's right] to declare a breach of warranty, [in those cases] the opportunity to remedy defects was a part of the agreed terms of the warranty"). In the complaint, the Martins allege they met all preconditions required by the warranty and by law, and they may allege that generally. *See* Fed. R. Civ. P. 9(c).

Taking the well-pleaded allegations as true, the Martins have not filed their breach of warranty claims within the contractual limitations period but retain a breach of contract action on the basis that the written warranty failed of its essential purpose. The court appreciates that the Martins labeled their only counts, counts one and two, as express and implied warranty claims under the MMWA. "A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *accord Ryan v. Ill. Dept. of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999). The complaint here plausibly alleges a contract claim through the failure of the warranty to accomplish its purpose. Of course, the court doesn't hold today whether the Martins successfully exhausted their remedies, whether the warranty failed of its essential purpose, or whether a breach occurred, only that a breach of contract action has not been indisputably time-barred. *See Small*, 398 F.3d at 898.

The Martins argue that even if their warranty claims fall outside the 15-month period of limitations, the court should equitably toll the period due to Thor's efforts at repairing the RV. "Indiana law allows for tolling a period of limitations under the doctrine of equitable estoppel." *Kenworth*, 134 N.E.3d at 383. The applicability of estoppel is often a question of fact. *See Davis v. Shelter Ins. Cos.*, 957 N.E.2d 995, 997 (Ind. Ct. App. 2011). The doctrine of equitable estoppel is "typically

9

linked to claims of fraudulent concealment, but the doctrine also applies to other conduct that 'lull[s] [a party] into inaction.'" *Kenworth*, 134 N.E.3d at 383 (quoting *Paramo*, 563 N.E.2d at 599). To warrant equitable estoppel, a party's conduct must be of a sufficient affirmative character to "prevent inquiry or to elude investigation or to mislead and hinder." *Id.* (emphases removed).

Indiana allows the parties, as masters of their contract, to bargain for specific tolling limitations. *Id.* at 382-83. The parties here did just that: "repairs will not extend the time when you must commence a breach of warranty claim and shall not extend the warranty coverage period" (ECF 20-2 at 2). There are no allegations that remove this case from the operation of this provision. *Compare Kenworth*, 134 N.E.3d at 383 (equitable estoppel applicable when defendants extended warranty period, continued repairs past the original contract obligations, and promised to continue repairs) *with Ludwig v. Ford Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) (declining "invitation to adopt the view that repair efforts toll the statute of limitations"). *See also Jacobs v. Thor Motor Coach, Inc.*, Case No. 3:19cv1167, 11 (July 23, 2020) (slip op.) (Leichty, J.) ("Repair efforts alone won't equitably estop a limitations period under Indiana law, particularly when the parties say so by contract."); *Shearer v. Thor Motor Coach, Inc.*, 3:19cv965, 2020 U.S. Dist. LEXIS 115811, 20 (N.D. Ind. July 1, 2020) (Simon, J.) (denying equitable tolling claim when repairs were done within the warranty period and "[w]ithout some statement or action by Thor or its agents" delaying the suit); *McDermott v. Thor Motor Coach, Inc.*, Case No. 3:19cv1141, 5-6 (N.D. Ind. June 29, 2020) (slip op.) (Miller, J.) (applying same tolling provision and rejecting equitable estoppel claim when Thor made repairs outside warranty period). Though the Martins weren't required to plead facts to sustain an equitable tolling argument or avoid a limitations defense, they cannot avoid the limitations period based on their express allegations here. *See, e.g., Logan*, 644 F.3d at 582-83 ("if the facts pleaded in the complaint establish that a claim is time barred . . . a bare allegation of fraudulent concealment, without more, will not save the claim").

CONCLUSION

Accordingly, the court GRANTS IN PART and DENIES IN PART Thor's motion to dismiss (ECF 19). The court dismisses, as time-barred, the express and implied warranty claims pursued under the Magnuson-Moss Warranty Act and permits the Martins to proceed under the Act solely on their theory of the warranty having failed of its essential purpose, which Indiana allows as a breach of contract action.

SO ORDERED.

July 23, 2020                                         *s/ Damon R. Leichty*
                                                      Judge, United States District Court