UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE MARTIN *et al.*,

    Plaintiffs,

v.      CAUSE NO. 3:20-CV-13 DRL-MGG

THOR MOTOR COACH INC.,

    Defendant.

## OPINION & ORDER

The court dismissed this warranty case as untimely based on the original complaint reserving for Clarence and Terri Martin the option to develop a timely cognizable theory under Indiana law that the Magnuson-Moss Warranty Act would permit in federal court. On one hand, the amended complaint merely restates the same time-barred warranty claim. The court dismisses this claim once more.

On the other hand, the amended complaint also alleges that Thor Motor Coach's warranty remedies failed of their essential purpose—an argument that the Indiana Supreme Court has suggested, albeit in a footnote in *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 379 n.3 (Ind. 2019), would give rise to a separate contract claim with a different statute of limitations. The court certifies these questions to the Indiana Supreme Court to acquire guidance on the scope of such a contract claim, if recognized under Indiana law, and its governing statute of limitations.

## BACKGROUND

These facts emerge from the amended complaint's well-pleaded allegations. On March 24, 2018, the Martins purchased a 2018 Thor Hurricane M29 motorhome from a dealer. Thor manufactured the recreational vehicle and provided a written limited warranty [ECF 20-2].[1]

---

[1] The written warranty wasn't attached to the amended complaint; but the pleading refers to the warranty, and it remains part of the record.

After receiving their vehicle, the Martins say they noticed several defects that diminished the vehicle's value and impaired their use. The defects persisted despite their exhaustion of the remedies provided by the warranty [ECF 20-2]. The Martins allege they gave Thor reasonable opportunities to repair the defects, that they exhausted the repair remedy and the back-up remedy within Thor's written warranty, and that the company's repair remedies failed of their essential purpose.

Thor moved to dismiss, which the court granted in part. *Martin v. Thor Motor Coach*, 474 F. Supp.3d 978 (N.D. Ind. 2020). The Martins then amended their complaint to allege a breach of the "written warranty contract" and to allege that the warranty's remedies failed of their essential purpose. Thor has now moved to dismiss the amended complaint.

STANDARD

In reviewing the motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred

2

to in the complaint. *Geinosky v. City of Chic.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735. This allowance applies particularly in cases of contractual interpretation. *Levenstein*, 164 F.3d at 347. Accordingly, the court considers the written warranty.

## DISCUSSION

"The MMWA operates as a gloss on . . . state law breach of warranty claims," *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011), and certain contract claims, *see, e.g., Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (service contract). The MMWA confers federal jurisdiction over a consumer product claim when the consumer "is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). Under this "unusual jurisdictional clause," *Miller v. Herman*, 600 F.3d 726, 729 (7th Cir. 2010), the MMWA "provides for federal jurisdiction for some state claims," not "an independent basis for liability." *Priebe*, 240 F.3d at 587; *accord Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004).

The court has already held that the statute of limitations bars the traditional warranty claim, leaving only the prospect of a contract claim. *See Martin*, 474 F. Supp.3d at 986; *see also Kenworth*, 134 N.E.3d at 379 n.3; *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 643-44 (Ind. Ct. App. 2004). In an amended complaint, the Martins recast the theory as Thor breaching its "written warranty contract," but this is their time-barred warranty claim in contract language. Merely adding the word "contract" changes nothing. *See Martin*, 474 F. Supp.3d at 986-87; *see also Smith v. Nexus RVs LLC*, 468 F. Supp.3d 1012, 1024 (N.D. Ind 2020); *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind. Ct. App. 2000). This claim remains untimely.

That said, the question remains whether the Martins may pursue a *contract claim* under state law, based on the allegation that their warranty's remedies failed of their essential purpose, and then pursue that claim under a different statute of limitations. It is this question that the court certifies to the Indiana Supreme Court—with due regard for the State of Indiana's right to define its own commercial law. That

3

is no less true when the MMWA—through which this case pends here—merely serves as a vehicle for state-defined claims.

Warranty law contemplates a remedy—phrased in the Uniform Commercial Code as some minimum or fair quantum of a remedy. *See* Ind. Code § 26-1-2-719(2) cmt. 1. When a warranty's remedy fails its essential purpose, a buyer often gains access to other remedies under the UCC. *See* Ind. Code § 26-1-2-719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in IC 26-1."); *but see Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 947 (Ind. 2001) (limitation on recovery of consequential damages remained enforceable, even when warranty remedy failed its essential purpose, so long as not unconscionable).

A warranty's remedy will rarely fail its essential purpose. *See Rheem Mfg.*, 746 N.E.2d at 954 (citing authorities). It does so only "when an unexpected circumstance arises and neither party accepted the risk that such circumstance would occur." *Id.* at 955. The UCC's relief in this regard "is not concerned with arrangements [that] were oppressive at the [contract's] inception" (a question of unconscionability), but instead "with the application of an agreement to novel circumstances not contemplated by the parties." *Martin Rispens & Son v. Hall Farms, Inc.*, 621 N.E.2d 1078, 1085 (Ind. 1993) (quotations and citation omitted); *see also* White & Summers, *Uniform Commercial Code* § 13:20 (2020). The UCC's relief is "triggered when the remedy fails of its essential purpose, not the essential purpose of the UCC, contract law, or of equity." *Martin Rispens*, 621 N.E.2d at 1085 (emphasis omitted). Pragmatically, warranties often provide multiple exclusive remedies—for instance, repair, replacement, and *pro rata* refund—so even when one remedy might fail its essential purpose, others exist to prevent the warranty from being viewed as remedy-less. This is part of its rarity in the law.

Thor says this argument that a remedy has failed of its essential purpose remains confined to a warranty claim—just now with added UCC remedies rather than the exclusive remedies within the written warranty. If merely a warranty claim, or another way to express a breach of a warranty, then the allegations

4

by the Martins that their warranty's remedies failed of their essential purpose would likewise be time-barred. Of note, a warranty can be breached under Indiana law when "an exclusive or limited remedy fail[s] of its essential purpose." Ind. Code § 26-1-2-791(2); *accord Zylstra v. DRV, LLC*, 8 F.4th 597, 601 (7th Cir. 2021). That claim isn't the issue.

Instead, does that failure of the remedies support a contract claim under Indiana law? When a buyer has been deprived of an exclusive remedy (*e.g.*, repair or replacement) because the seller incompetently repairs or replaces the defective good after considerable opportunity, *see Mathews v. REV Rec. Grp., Inc.*, 931 F.3d 619, 622 (7th Cir. 2019), the buyer "should be able to enjoy the benefit of a bargained-for remedy" and can "vindicat[e] that right through a breach-of-contract cause of action that alleges the remedy failed its essential purpose," *Kenworth*, 134 N.E.3d at 379 n.3. This sole footnote from *Kenworth*—what the Indiana Supreme Court "envisioned" but wasn't seemingly called to decide in that case—has become the debate here. *See id.* That is no less true when the footnote says the clock would run on a different timetable than the statute of limitations governing an Indiana warranty claim—accruing instead when the seller's remedy fails its essential purpose. *See id.* That different timetable, if ensconced in Indiana law, would seem to permit the Martins to proceed on that limited basis.

That theory alone survived the prior motion to dismiss, and the court retained the case to the extent the Martins could fashion a proper claim. *See Martin*, 474 F. Supp.3d at 984 ("MMWA provides federal jurisdiction for certain breach of contract claims too"); *see also* 15 U.S.C. §§ 2310(d) (establishing federal claim), 2301(6) (defining written warranty), 2301(8) (defining service contract); 16 C.F.R. § 700.11(a) ("other agreements may meet the statutory definitions of either 'written warranty' or 'service contract'").[2] To be sure, the Martins today state no plausible violation of MMWA's obligations or any

---

[2] Federal courts aren't always bound by the Federal Trade Commission's regulations under the MMWA. *See, e.g., Miller*, 600 F.3d at 734; *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268, 1280 (11th Cir. 2002). This circuit has treated the FTC's interpretations under the MMWA as advisory, though has shown them deference when these interpretations address definitions within the MMWA. *See Miller*, 600 F.3d at 734 (affording FTC's interpretation of building materials some deference in deciding whether transaction involved a "consumer product"). Here, the FTC's regulations provide no help to the Martins. *See* 16 C.F.R. § 700.11.

implied warranty or service contract—certain prerequisites to this federal vehicle for a state law claim. *See* 15 U.S.C. § 2310(d)(1). The key question is whether they have alleged a timely state law claim based on an MMWA-defined "written warranty." The MMWA defines written warranty, in relevant part, as "any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking." 15 U.S.C. § 2301(6)(B).

The answer to that question depends on whether Indiana law recognizes a contract claim, based on a warranty whose remedies have failed of their essential purpose, based on the scope of that claim, and based on a statute of limitations that begins to run when the remedy so fails. A warranty's limited remedy fails when it "operates to deprive either party of the substantial value of the bargain." Ind. Code § 26-1-2-719 cmt. 1. Indiana law recognizes the difference between a warranty and contract claim. *See Zawistoski*, 727 N.E.2d at 792. In fairness, this court initially built on the *Kenworth* footnote saying a contract claim "makes perfect sense because the remedy that a buyer was promised in contract, but never received, should be redressed in contract when the warranty has proven empty," at least entirely empty in providing any remedy for unexpected circumstances. *Martin*, 474 F. Supp.3d at 984; *see also Rheem Mfg.*, 746 N.E.2d at 954. But perhaps the court was building too much.

Deference counsels a pause. The Martins allege they gave Thor reasonable opportunities to repair the defects, that they exhausted the repair remedy and the back-up remedy within Thor's written warranty, and that the company's repair remedies failed of their essential purpose. If but a warranty claim, just now without the limitation of the written warranty's exclusive remedies but with the full panoply of remedies afforded by the UCC, the claim would be time-barred. If a contract claim of the type envisioned by the *Kenworth* footnote, then the claim wouldn't be time-barred. No matter their briefing, the Martins insist in oral argument that they intend to pursue this stand-alone contract theory.

Thor argues that such a contract claim really shouldn't be a separate contract claim at all. Query whether the claim hasn't changed—it remains a warranty theory—and whether only the available

6

remedies have changed, consistent with the UCC's statutory scheme. Such a claim fits squarely within the MMWA's definition of "written warranty." *See* 15 U.S.C. § 2301(6).

Or query whether this claim isn't just a duplicative breach of warranty (as Thor characterizes it) but an utter failure of any of the warranty's remedies to fulfill their purposes or, otherwise put, effectively a breach of the sales contract that promised that this product would come with a warranty that provided a remedy. Thor says the UCC never created a contract action to "enforce wished-for but not-bargained-for remedies," but perhaps that isn't the question. Query instead whether Indiana law identifies a contract claim as the mechanism to redress the loss of all "bargained-for" remedies not thereafter given as promised, in which case the UCC affords a remedy, *see* Ind. Code § 26-1-2-719(2); *Kenworth*, 134 N.E.3d at 379 n.3 ("a buyer . . . should be able to enjoy the benefit of a bargained-for remedy"); *see also Perry*, 814 N.E.2d at 643-44, less any remedies the law excludes because of express enforceable provisions in the sales contract or warranty, *see, e.g., Rheem Mfg.*, 746 N.E.2d at 955.

But then this court will need to consider whether this is the type of "undertaking" the MMWA permits a consumer to pursue in federal court—that is, a defined "written warranty" to "refund, repair, replace, or take other remedial action with respect to such product"—or instead whether it is but a prelude—a bargained-for promise or contract to get a "written warranty." *See* 15 U.S.C. § 2301(6)(B); *see also Undertaking, Oxford Eng. Dictionary* (2d ed. 1989) (defining "undertaking" to mean a promise); *Skelton v. Gen. Motors Corp.,* 660 F.2d 311, 322 (7th Cir. 1981) (rejecting argument that "written warranty" should be construed more broadly than the "single, precise meaning" that Congress provided in its statutory definition). That issue lurks here, albeit for this court to decide once it understands the scope of Indiana law.

Thor argues that, when viewed in context with the overturned decision from the Indiana Court of Appeals, the Indiana Supreme Court didn't actually mean what it envisioned in *Kenworth*, 134 N.E.3d at 379 n.3. Thor also argues that the high court's statements were *dicta*; though, even so, the court will give considered (not casual) *dicta* weight. *See In re Air Crash Disaster Near Chicago*, 701 F.2d 1189, 1196 (7th

7

Cir. 1983); *cf. Nielen-Thomas v. Concorde Inv. Servs., LLC*, 914 F.3d 524, 534 (7th Cir. 2019). Rather than wrestle these questions for the Indiana Supreme Court, they counsel deference to the Indiana Supreme Court to decide the scope of Indiana law.

Thor also argues that the court should revisit the Indiana Supreme Court's statements, *see Kenworth*, 134 N.E.3d at 379 n.3, in light of the underlying holding by the Indiana Court of Appeals, *see Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 112 N.E.3d 1106, 1112, 1117 (Ind. Ct. App. 2018). The *Kenworth* decisions arose from a manufacturer's and dealer's sale of dump trucks with a one-year warranty. When they couldn't correct the excessive idling vibration of the trucks in that one year, the manufacturer and dealer extended the warranty to four years. Suit came after the four years, and the defendants moved for summary judgment saying the warranty and contract claims were untimely. The trial and appellate courts all held that genuine triable issues remained.

In reaching a decision, the Indiana Court of Appeals took a different approach than the Indiana Supreme Court. The Indiana Court of Appeals held that the promise that mattered was the promise to repair or replace, rather than a warranty about the quality of goods. The court held that this promise wasn't an "express warranty" under the UCC to trigger its statute of limitations. *Kenworth*, 112 N.E.3d at 1115. It wasn't then, in the court's perspective, a "warranty that [could] be breached on tender of delivery." *Id.* (quotations omitted). Separately, the court also held that genuine issues precluded summary judgment on when the warranty's exclusive remedy failed its essential purpose and when a resulting cause of action for breach of warranty accrued. *See id.* at 1118.

The Indiana Supreme Court held in lieu that the parties had agreed to a future performance warranty whose time period began to run, not upon tender of delivery, but when the aggrieved party discovered (or should have discovered) the breach. *Kenworth*, 134 N.E.3d at 380-82. The court also rejected the claim that repairs after the warranty period served merely as a "goodwill warranty," and found instead that repairs and promises to continue repairing the RV after the warranty period were enough to warrant a trial under the doctrine of equitable estoppel. *Id.* at 385; *see also Jacobs v. Thor Motor Coach*, 474 F.

8

Supp.3d 987, 997 (N.D. Ind. 2020). Thor argues that if the Indiana Supreme Court's statements about warranty remedies failing of their essential purpose were all it suggests, the court could merely have affirmed the Indiana Court of Appeals. Again, whether right or wrong, deference once more counsels in favor of certifying a question and giving the Indiana Supreme Court the opportunity, should it be willing, to address the issues fully.[3]

This case presents an issue of state law that will be determinative, and no controlling Indiana precedent clearly exists. *See* Ind. App. R. 64. The court remains genuinely uncertain as to the correct disposition today. *See State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671 (7th Cir. 2001). This question will likely recur. *See id.* at 672. Indiana has its fair share of commercial actors, not least with the recreational vehicle industry in Northern Indiana. Claims undoubtedly will be framed based on a remedy's failure of its essential purpose in those cases in which the statute of limitations otherwise would bar a breach of warranty claim to secure a more friendly limitations period under a contract theory. *See id.* (weighing "whether the issue is of interest to the state supreme court in its development of state law" and future litigants); *In re Badger Lines, Inc.*, 140 F.3d 691, 698-99 (7th Cir. 1998).

## CONCLUSION

In their amended complaint, the Martins recast the MMWA violation as Thor breaching its "written warranty contract," but this is just restatement of their time-barred warranty claim. But they also allege that the written warranty's remedies failed of their essential purpose. Accordingly, the court GRANTS Thor's motion to dismiss the warranty claim [ECF 36] but DENIES the motion otherwise pending the Indiana Supreme Court's decision on the following certified questions:

---

[3] Thor argues alternatively that, even if this contract theory is recognized, it would be barred by privity; but its cases inappositely concern revocation of acceptance based on the precise UCC provisions governing such a theory, and contrary to other Indiana law. *See, e.g., Perry*, 814 N.E.2d at 644 (permitting consumer to pursue a claim against distant manufacturer based on theory that warranty's remedies failed of their essential purpose); *see also Williams v. Ind. Rail Road Co.*, 33 N.E.3d 1043, 1052 (Ind. Ct. App. 2015) ("obligations of a contract are ordinarily limited to the parties by whom they are made, and those who stand in privity with them, either in estate or contract") (quoting *Evansville & S.I. Traction Co. v. Evansville Belt Ry. Co.*, 87 N.E. 21, 23 (Ind. Ct. App. 1909)).

> Does Indiana law recognize a contract claim, separate from a breach of warranty, when a written warranty's exclusive remedies fail of their essential purpose? If so, when does this claim accrue for statute of limitations purposes?

The court STAYS this case pending a response from the Indiana Supreme Court.

SO ORDERED.

September 29, 2021     *s/ Damon R. Leichty*
                       Judge, United States District Court