UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE MARTIN *et al.*,

    Plaintiffs,

v.                                     CAUSE NO. 3:20-CV-13 DRL-MGG

THOR MOTOR COACH INC.,

    Defendant.

OPINION AND ORDER

Novel issues under Indiana's Uniform Commercial Code (UCC) and the federal Magnuson-Moss Warranty Act (MMWA) arose in this recreational vehicle case—whether a theory that a warranty's remedies have failed of their essential purpose should be cognized as an independent claim under Indiana law, accruing on a different timeline than an express or implied warranty claim under the UCC, and permitted to proceed in federal court through the vehicle of the MMWA. Today the court answers these questions in the affirmative and lifts the stay to let this sole claim proceed.

BACKGROUND

These facts emerge from the amended complaint's well-pleaded allegations. On March 24, 2018, Clarence and Terri Martin purchased a 2018 Thor Hurricane M29 motorhome from a dealer. Thor Motor Coach, Inc. manufactured the recreational vehicle and provided a written limited warranty [ECF 20-2].[1]

After receiving their vehicle, the Martins say they noticed several defects that diminished the vehicle's value and impaired their use. The defects persisted despite their exhaustion of the remedies provided by the warranty. The Martins alleged they gave Thor reasonable opportunities to repair the defects, that they exhausted the repair remedy and the back-up remedy within Thor's written warranty,

---

[1] The written warranty wasn't attached to the amended complaint; but the pleading refers to the warranty, and it remains part of the record.

and that the company's repair remedies failed of their essential purpose. The Martins alleged that the recreational vehicle's defects were "incurable." The Martins alleged more than $50,000 in damages, including based on diminished value, to meet the MMWA's threshold. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004).

This amended complaint came after a motion to dismiss the original complaint. The court granted this opening motion in part. *Martin v. Thor Motor Coach*, 474 F. Supp.3d 978 (N.D. Ind. 2020). Thor had reduced the statute of limitations within its written warranty to 15 months after the breach. This enforceable statute of limitations barred a warranty claim, but not a separate claim that might exist based on the allegation that the warranty's remedies failed of their essential purpose. *See id.* at 984-85. The court dismissed the warranty claim and permitted the Martins to proceed on their theory that the warranty's remedies failed of their essential purpose, classified now as a contract action.

The Martins then amended their complaint to allege a breach of a "written warranty contract" and more particularly that the warranty's remedies failed of their essential purpose. Thor moved to dismiss this amended complaint. After oral argument, the court dismissed any warranty claim again as untimely. *See Martin v. Thor Motor Coach*, 2021 U.S. Dist. LEXIS 186781, 4 (N.D. Ind. Sept. 29, 2021).

In briefing this same motion, the parties also debated whether a separate contract claim could exist—an issue of state law growing out of a footnote from *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 379 n.3 (Ind. 2019)—so the court elected to certify two questions, including whether Indiana law recognized an independent claim when a warranty's remedy fails of its essential purpose. The court stayed the case pending the Indiana Supreme Court's consideration. The Indiana Supreme Court declined (voting 3-2) to answer the certified questions. *See In re Cert. Question Martin v. Thor Motor Coach*, No. 21S-CQ-446 (Ind. Oct. 29, 2021).

The case thus returned here for the court to determine whether to hold to a view that Indiana law permitted a separate claim or to revisit that conclusion. Today the court adheres to its prior view that

2

Indiana law recognizes, as an independent claim, the right to pursue a UCC-based remedy when the written warranty's remedies fail their essential purpose, and that this claim accrues under Indiana law when the breach occurs (that is, when the remedies so fail).

STANDARD

Because it matters today, the court recalls the precise procedural posture through which this issue was raised. Thor filed a motion to dismiss the amended complaint under Rule 12(b)(6). In reviewing such a motion, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735. This allowance applies particularly in cases of contractual interpretation. *Levenstein*, 164 F.3d at 347. Accordingly, the court considers the written warranty.

A statute of limitations defense is an affirmative defense; a complaint need not anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Though a limitations defense isn't normally a part of a motion to dismiss, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (dismiss when "indisputably time barred"). Else a Rule 12(b)(6) order isn't an appropriate response to the invocation of a statute of limitations defense because a complaint "need not contain *any* information about defenses and may not be dismissed for that omission." *Xechem*, 372 F.3d at 901.

## DISCUSSION

This case comes to the court through the MMWA. "The MMWA operates as a gloss on . . . state law breach of warranty claims," *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011), and certain contract claims, *see, e.g., Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). The MMWA confers federal jurisdiction over a consumer product claim when the consumer "is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Act], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1).

Under this "unusual jurisdictional clause," *Miller v. Herman*, 600 F.3d 726, 729 (7th Cir. 2010), the MMWA "provides for federal jurisdiction for some state claims," not "an independent basis for liability." *Priebe*, 240 F.3d at 587; *accord Schimmer*, 384 F.3d at 405. As interpreted, the source of liability comes from state law, notwithstanding the gloss of requirements that may exist within the MMWA. *See Anderson*, 662 F.3d at 781; *see, e.g., Mathews v. REV Rec. Grp., Inc.*, 931 F.3d 619, 622 (7th Cir. 2019) (requiring reasonable opportunity to cure); *Litsinger v. Forest River, Inc.*, 536 F. Supp.3d 334, 364 (N.D. Ind. 2021) (15 U.S.C. § 2310(e) requires warrantor to be given a reasonable opportunity to cure). The court thus must find, as a source of liability, a claim under Indiana law today.

4

In addition, the MMWA lacks its own statute of limitations, so the court must borrow a limitations period from an analogous state cause of action. *See N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995). The court applies "any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010)). The court thus must also consider the statute of limitations that applies to this claim, as sourced from Indiana law, and when it accrues.

The court starts with the claim. In doing so, the court recalls that a "state is not without law save as its highest court has declared it," though there are often "many rules of decision commonly accepted and acted upon by the bar and inferior courts [that] are nevertheless laws of the state although the highest court of the state has never passed upon them." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940). "State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule[.]" *Id.* at 237; *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 160 n.13 (1983) ("where Congress directly or impliedly directs the courts to look to state law to fill in details of federal law, *Erie* will ordinarily provide the framework for doing so"); *F.D.I.C. v. Wabick*, 335 F.3d 620, 625 (7th Cir. 2003) ("*Erie* doctrine applies to non-diversity cases where state law supplies the rule of decision"); *see, e.g., Anderson*, 662 F.3d at 782-83 (examining state law to inform MMWA). The court looks to the law as stated by the state supreme court or endeavors to decide the matter as the state supreme court would. *BMD Contractors, Inc. v. Fid. & Deposit Co. of Maryland*, 679 F.3d 643, 648 (7th Cir. 2012).

The court proceeds cautiously when predicting what a state supreme court may do for "federal court pronouncements on the content of state law inherently involve a significant intrusion on the prerogative of the state courts to control that development." *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1092 (7th Cir. 1999). As a principle of federalism, "a federal court must be careful to avoid the temptation to impose upon a state what it, or other jurisdictions, might consider to be wise policy."

5

*Id.* at 1093. When, as here, a state supreme court has been given the opportunity to address an issue but declined, *see West*, 311 U.S. at 237, or the issue is not otherwise appropriate for certification, *see State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 673 (7th Cir. 2001), a federal court will apply the law as it exists.

Indiana law contemplates a remedy for a UCC-based claim—phrased in the UCC as some minimum or fair quantum of a remedy. *See* Ind. Code § 26-1-2-719(2) cmt. 1. When a warranty's remedy fails its essential purpose, a buyer often gains access to other remedies under the UCC. *See* Ind. Code § 26-1-2-719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in IC 26-1."); *but see Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 947 (Ind. 2001) (limitation on recovery of consequential damages remained enforceable, even when warranty remedy failed its essential purpose, if not unconscionable).

A remedy will rarely fail its essential purpose. *See Rheem Mfg.*, 746 N.E.2d at 954 (citing authorities). It does so only "when an unexpected circumstance arises and neither party accepted the risk that such circumstance would occur." *Id.* at 955. The UCC's relief "is not concerned with arrangements [that] were oppressive at the [contract's] inception" (a question of unconscionability), but instead "with the application of an agreement to novel circumstances not contemplated by the parties." *Martin Rispens & Son v. Hall Farms, Inc.*, 621 N.E.2d 1078, 1085 (Ind. 1993) (quotations and citation omitted), *abrogated on other grounds*, *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 953 (Ind. 2005); *see also* White & Summers, *Uniform Commercial Code* § 13:20 (6th ed. 2020). The UCC's relief is "triggered when the remedy fails of its essential purpose, not the essential purpose of the UCC, contract law, or of equity." *Martin Rispens*, 621 N.E.2d at 1085 (emphasis omitted). A warranty's remedy fails its essential purpose when the remedy's use will not further its purpose. *See id.* at 1085-86; *Smith v. Nexus RVs LLC*, 468 F. Supp.3d 1012, 1024 (N.D. Ind 2020); *Cimino v. Fleetwood Enters.*, 542 F. Supp.2d 869, 887 (N.D. Ind. 2008).

"Warranties are designed to market products, provide a remedy for defective ones, and protect a manufacturer—they serve all three purposes. Within that guise, companies can, and often prudently do,

6

specify and limit remedies available to a buyer within a warranty." *Martin*, 474 F. Supp.3d at 985 (citing Ind. Code § 26-1-2-719(1)(a)). The "UCC allows parties to bargain for a limited remedy to serve as an exclusive remedy." *Kenworth*, 134 N.E.3d at 379 (citing Ind. Code § 26-1-2-719(1)(b)). Pragmatically, written warranties often provide multiple exclusive remedies—for instance, repair, replacement, and *pro rata* refund—so even when one remedy might fail its essential purpose, others exist to prevent the warranty from being viewed as remedy-less. This is part of this theory's rarity in the law. It can become difficult to prove that a warranty's remedies have failed their essential purpose when the warrantor has many options at a remedy, unless all remedies prove unworkable.

The court has a foothold on the question today through a footnote—but a key one from the Indiana Supreme Court. When a buyer has been deprived of an exclusive remedy because the seller incompetently repairs or replaces the defective good after considerable opportunity, *see, e.g., Mathews*, 931 F.3d at 622, the buyer "should be able to enjoy the benefit of a bargained-for remedy" and can "vindicat[e] that right through a breach-of-contract cause of action that alleges the remedy failed its essential purpose," *Kenworth*, 134 N.E.3d at 379 n.3. This sole footnote from *Kenworth*—what the Indiana Supreme Court "envisioned" for Indiana law, *see id.*—cannot be undone by this federal court today.

Thor argues that, when viewed in context with the overturned decision from the Indiana Court of Appeals, the Indiana Supreme Court didn't actually mean what it said in a passing footnote. *Compare Kenworth*, 134 N.E.3d at 379 n.3, *with Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 112 N.E.3d 1106, 1112, 1117 (Ind. Ct. App. 2018). Thor calls the state high court's statements *dicta*; but, even if so, the court must give considered (not casual) *dicta* weight. *See In re Air Crash Disaster Near Chi.*, 701 F.2d 1189, 1196 (7th Cir. 1983); *cf. Nielen-Thomas v. Concorde Inv. Servs., LLC*, 914 F.3d 524, 534 (7th Cir. 2019). Thor argues that if the Indiana Supreme Court's statement about warranty remedies failing their essential purpose were all it suggests, the court could merely have affirmed the Indiana Court of Appeals. Having

7

reviewed these paired opinions closely, the court disagrees with Thor's read and views this footnote as a reasoned application of Indiana law that already exists.

Indiana has long recognized the coexistence of contract and warranty claims. "Although closely related, the two actions are not identical. A warranty is a promise, usually collateral to the principal contract, although not necessarily so." *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind. Ct. App. 2000) (quoting *Nelson v. Marchand*, 691 N.E.2d 1264, 1271 n.8 (Ind. Ct. App. 1998)); *accord Johnson v. Sandia Assocs., Inc.*, 717 N.E.2d 24, 28 (Ind. 1999) ("A warranty is a promise relating to past or existing fact that incorporates a commitment by the promisor that he will be responsible if the facts are not as manifested.") (quotations and citation omitted). For instance, a contract might consist of the promise to build a home, and the warranty would consist of the promise to perform this other promise in a workmanlike manner. *See Nelson*, 691 N.E.2d at 1271 n.8; *see also Zawistoski*, 727 N.E.2d at 792 n.1 (providing example of broad-form lease and collateral warranty). In such a context, a contract claim would seek to vindicate a different right.

At times, the claims will merge—often when a complainant bases both claims on the same contractual provision such that the two causes of action are really the same. *See Zawistoski*, 727 N.E.2d at 792; *Litsinger*, 536 F. Supp.3d at 359; *Smith*, 468 F. Supp.3d at 1024. In the arena of recreational vehicle sales, given the typical dealer's retail contract and the manufacturer's passed-through warranty, the focus will remain on the lost remedy provision of the warranty. In the event of a merged claim, the nomenclature of "contract claim" versus "warranty claim" perhaps matters less (at least today) than whether a separate UCC-based claim exists at all, when this claim accrues for statute of limitations purposes, and what remedies a buyer might enjoy. *Compare Kenworth*, 134 N.E.3d at 379 n.3 (envisioning breach of contract action), *with Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 643-44 (Ind. Ct. App. 2004) (recognizing separate failure of essential purpose claim without naming the cause of action as a breach of contract or warranty), *and with Zylstra v. DRV, LLC*, 8 F.4th 597, 601 (7th Cir. 2021) (saying

8

the warranty has been breached under Indiana law when "an exclusive or limited remedy fails of its essential purpose") (citing *Perry*, 814 N.E.2d at 643 and Ind. Code § 26-1-2-719(2)), *and Mathews*, 931 F.3d at 622 (calling the failure of essential purpose theory a warranty breach) (citing *Perry* and UCC § 2-719(2)).

As additional color, a buyer who has accepted goods and notified the seller of a breach may recover damages for any nonconformity resulting from the seller's breach, often the difference in value between the goods as accepted and the goods as warranted. *See* Ind. Code §§ 26-1-2-714(1), (2). This is a remedy for breach of a warranty. The UCC also permits buyers and sellers to agree to reasonable limited remedies in their written warranty, including repair, replacement, or some measure of refund, as examples. *See* Ind. Code § 26-1-2-719(1)(a). In addition, though a buyer might want to seek consequential damages, often the sales contract or warranty will exclude this remedy. *See* Ind. Code § 26-1-2-714(3); *see Rheem*, 746 N.E.2d at 947.

These limitations remain enforceable but disfavored in Indiana, so courts strictly construe them against the seller. *Kenworth*, 134 N.E.3d at 379. Their enforcement as reasonable limitations to the contract all changes when the remedies fail their essential purpose, however—because then the UCC affords the buyer the host of remedies within its statutory scheme, not just those in the written warranty or in § 2-714. *See* Ind. Code § 26-1-2-719(2); *see also* Ind. Code §§ 26-1-1-106(1), (2). The UCC thus differentiates this claim of a failure of essential purpose as vindicating a right to other remedies, and along the way will require that a buyer not only provide notice of a breach but also give the seller a reasonable opportunity to cure a defect to ensure that the limited remedies indeed have failed of their essential purpose. *See Zylstra*, 8 F.4th at 601; *Mathews*, 931 F.3d at 622. In short, there is cause for an independent action.

The *Kenworth* footnote finds its roots deeper still in the UCC. The UCC's plain language speaks to circumstances that "cause an exclusive or limited remedy to fail of its essential purpose." Ind. Code § 26-1-2-719(2). The law presupposes a remedy, and the word *remedy* "presupposes the existence of a *breach of contract* that calls the remedial terms of the warranty, limited though they may be, into play," *H.B.*

9

*Fuller Co. v. Kinetic Systems, Inc.*, 932 F.2d 681, 688 (7th Cir. 1991) (emphasis added); and through their failure then the host of remedies that the UCC now allows, including, for instance, revocation of acceptance, damages for nondelivery, and the like, *see* Ind. Code §§ 26-1-2-608, 26-1-2-713; *see also* Ind. Code § 26-1-1-201(34) (defining "remedy" as "any remedial right to which an aggrieved party is entitled with or without resort to a tribunal").

The UCC's commentary echoes this same point. "[I]t is of the very essence of a sales contract that at least minimum adequate remedies be available." Ind. Code § 26-1-2-719 official cmt. 1. "If the parties intend to conclude a contract for sale[,] they must accept the legal consequence that there be at least *a fair quantum of remedy for breach of the obligations or duties outlined in the contract*. . . . [When] an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of [the UCC]." *Id.* (emphasis added). The UCC's express terms and its official commentary thus envision an independent claim that arises when the sale contract fails to deliver a product with its bargained-for remedy. "That makes perfect sense because the remedy that a buyer was promised in contract, but never received, should be redressed in contract when the warranty has proven empty." *Martin*, 474 F. Supp.3d at 984.

One might then reasonably view the Indiana Supreme Court's footnote vision as providing a concrete name for what the UCC and the Indiana Court of Appeals have long recognized—that a theory that a warranty's remedy failed of its essential purpose may proceed independently as a claim. *See Perry*, 814 N.E.2d at 644. *Perry* did just that in 2004—finding triable issues that precluded summary judgment on the theory that the warranty's limited remedies failed their essential purpose. The court didn't call it a "warranty" or "contract" claim but permitted this independent claim to proceed to trial. *Kenworth* recognized this same independent, UCC-based, failure-of-essential-purpose claim, citing *Perry* in doing so. *See Kenworth*, 134 N.E.3d at 379 n.3. Rather than a persuasive indication that the Indiana Supreme Court would rule differently, it seems it would rule the same way in recognizing this independent claim.

10

Its footnote says as much. *See also Anderson*, 662 F.3d at 782-83 ("In deciding questions of state law, decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently.").

Thor says the UCC never created a separate action to "enforce wished-for but not-bargained-for remedies," but that isn't the question under Indiana law as it has been interpreted to date by the Indiana Supreme Court or Indiana Court of Appeals. Indiana law recognizes a mechanism to redress the loss of all "bargained-for" remedies not thereafter given as promised, in which case the UCC affords a remedy through an independent action, *see* Ind. Code § 26-1-2-719(2); *Kenworth*, 134 N.E.3d at 379 n.3 ("a buyer . . . should be able to enjoy the benefit of a bargained-for remedy"); *see also Perry*, 814 N.E.2d at 643-44, less any remedies the law excludes because of express enforceable provisions in the sales contract or warranty, *see, e.g., Rheem Mfg.*, 746 N.E.2d at 955.

The court has considered extrajurisdictional cases, particularly given the UCC's goal of uniformity, but in fairness other jurisdictions split on this issue. *Compare Whitaker v. Navistar, Inc.*, 2021 U.S. Dist. LEXIS 120945, 8-9 (W.D. Okla. June 29, 2021) (permitting failure of essential purpose claim seeking restitution to proceed past pleading stage), *and Herring v. Home Depot, Inc.*, 565 S.E.2d 773, 775-76 (S.C. Ct. App. 2002) (recognizing failure of essential purpose as separate claim to achieve UCC remedy of revocation of acceptance), *and Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 739, 742-46 (Colo. 1991) (recognizing separate contract claim when warranty's remedy failed of its essential purpose), *with Defillippo v. Whirlpool Corp.*, 2019 U.S. Dist. LEXIS 148304, 27 n.11 (D.N.J. Aug. 30, 2019) ("failure of essential purpose" isn't "a breach of contract theory, but rather a doctrine by which courts set aside a limited remedy and permit alternative recovery"), *and Disher v. Tamko Bldg. Prods.*, 2015 U.S. Dist. LEXIS 100453, 11 (S.D. Ill. July 31, 2015) (declining to recognize failure of essential purpose as standalone claim, though without discussion). In short, these cases—one view or the other—offer little that would move the court from its ruling today, given the unique trend of Indiana's courts.

The footnoted vision from the Indiana Supreme Court, the recognition of a failure of essential purpose as an independent theory by the Indiana Court of Appeals, the longstanding recognition of coexisting contract and warranty claims in Indiana law, and the statutory code's plain language and commentary suffice today for the court to adhere to its view that this case may proceed only on the claim that the warranty's remedies failed their essential purpose. The Retail Installment Sale Contract ensured that its disclaimer of warranties vis-à-vis the dealer left the warranty remedies from Thor untouched; and Thor's warranty begged the result of another claim by expressly requiring that the repair remedy and back-up remedy (diminished value damages) had to be "exhausted" and "fail[ed] to fulfill their essential purpose" before the Martins could even pursue their other legal remedies. The Martins alleged that that they gave Thor reasonable opportunities to cure and attempted to negotiate diminished value damages with Thor to no avail. They alleged that they exhausted all the remedies and that these remedies failed their essential purpose. The Martins called the defects "incurable." The amended complaint plausibly states an independent UCC-based claim, consistent with *Kenworth* and *Perry*, that the warranty's remedies failed their essential purpose.[2]

The MMWA provides the vehicle for pursuing this independent claim in federal court. *See* 15 U.S.C. §§ 2310(d) (establishing federal vehicle), 2301(6)(B) (defining written warranty as "any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking"); *Zylstra*, 8 F.4th at 601 (addressing failure of essential purpose theory through MMWA and state law); *Mathews*, 931 F.3d at 622 (same); *see generally Anderson*, 662 F.3d at 781; *Priebe*, 240 F.3d at 587.

---

[2] *Perry*, 814 N.E.2d at 644, also permitted the consumer to pursue this claim against a distant manufacturer, so Thor's privity argument seems unavailing.

*Kenworth* said when this independent claim for failure of essential purpose accrues, and the court has been presented no cogent reason to not adhere to that timing, *see Kenworth*, 134 N.E.3d at 379 n.3, consistent too with this court's prior ruling, *see Martin*, 474 F. Supp.3d at 985. "Such a cause of action [accrues] when the breach occur[s], that is, when the seller's repair and replacement remedy fail[s] its essential purpose." *Kenworth*, 134 N.E.3d at 379 n.3. Under Indiana law, there are consequently two moments when a claim accrued in this case: the first upon delivery (tender of delivery) of any nonconforming goods, and the second upon the failure of the exclusive remedies. *See Martin*, 474 F. Supp.3d at 985. By law, the former breach would trigger the 15-month period of limitation within the written warranty immediately upon delivery of the recreational vehicle (March 2018) such that any express or implied warranty claim remains barred because the claim wasn't filed by June 2019. By law, the latter breach would trigger the limitations period at the time the warranty's remedies failed their essential purpose—that date still to be determined in discovery because this amended pleading does not on its face state it or demonstrate the claim to be time-barred. *See Xechem*, 372 F.3d at 901 (complaint need not anticipate or plead against statute of limitations).

## CONCLUSION

Accordingly, the court LIFTS the stay, DENIES the remaining portion of the motion to dismiss the amended complaint in favor of a UCC-based failure-of-essential-purpose claim (ECF 36), except as to the time-barred express and implied warranty claims already dismissed (ECF 29, 47), and DENIES the motion for status conference (ECF 52) in favor of discovery and other scheduling to be handled by the magistrate judge.

SO ORDERED.

May 6, 2022

*s/ Damon R. Leichty*
Judge, United States District Court