UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLARENCE MARTIN *et al.*,

    Plaintiffs,

v.                                                      CAUSE NO. 3:20cv13 DRL

THOR MOTOR COACH,

    Defendant.

OPINION AND ORDER

Clarence and Terri Martin ask the court to reconsider its summary judgment ruling. The Martins received a limited warranty from Thor Motor Coach but stopped short of following its terms to secure the very fix they wanted—an operable leveling system. The warranty required them to take two simple steps—to notify Thor so the company could endeavor to fix the issue over a reasonable number of attempts (something the Martins did) and, failing that, to choose an independent service shop to fix the issue at Thor's expense (something they did not do). This together was the warranty's exclusive remedy.

Much has been written about this case, and little else needs to be said to understand that the Martins never pursued the contractually-mandated second step at a remedy. A backup cure is precisely what the Martins contracted to receive; they just never exercised their right to it. They cannot claim the warranty's remedy failed its essential purpose when they never put it all to use. *See Martin Rispens & Son v. Hall Farms, Inc.*, 621 N.E.2d 1078, 1085 (Ind. 1993); *Mathews v. REV Recreation Grp., Inc.*, 931 F.3d 619, 622 (7th Cir. 2019).

The Martins present the old argument that the backup step at a remedy is unclear, indefinite, and unenforceable. It isn't—and the court already said as much. *See Martin v. Thor Motor Coach*, __ F. Supp.4th __, 2024 U.S. Dist. LEXIS 29362, 22 (N.D. Ind. Feb. 21, 2024) ("The court also finds nothing indefinite about the backup cure."); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (reconsideration not

proper for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"). The Martins knew the warrantor; they had long worked with Thor. They had the warranty. They could read it. It was plain insofar as this case goes. They knew that Thor, through its designated service center (Poulsbo), could not fix the issue to their satisfaction. They had an exclusive next step—choose an independent service center. Take it there. Try to get it fixed. The requirement to choose a service center was plain. But they didn't do it. They didn't even try.[1]

The corresponding perk was plain too—Thor would pay for it. The Martins need only have chosen their preferred service center and then requested payment from Thor, or otherwise coordinated payment arrangements in advance if they preferred. And if the Martins struggled to understand this obligation on the company, they could have sought reasonable assurance of the company's continuing commitment to it. *See* Ind. Code §§ 26-1-2-609, 26-1-2-610. The limited warranty made their next step abundantly clear—the Martins had to exhaust the backup cure as part of their remedy. Sitting on their hands wasn't an option. *See* Ind. Code § 26-1-2-719(1)(b) (exclusive remedy is not optional). As the court said before in ruling on summary judgment, the law is quite clear as to when a primary cure fails based on the number of opportunities a warrantor must be given, and on this record Poulsbo had exhausted its capabilities. *See Zylstra v. DRV, LLC*, 8 F.4th 597, 603 (7th Cir. 2021); *Mathews*, 931 F.3d at 622.

The backup cure indisputably would not have been futile. Opinion witnesses on both sides say or assume the unit could be fixed—at worse with a new leveling system—so the backup remedy of choosing an independent service shop wasn't for naught. A warranty's remedy cannot be said to have failed its essential purpose when it will serve the very purpose of correcting the issue and getting these buyers back on the road. The Martins complain that their own proposed expert wasn't retained to opine about this fix, but he said the unit must be repaired with a new leveling system and assumed a loss

---

[1] This backup cure wasn't an informal dispute mechanism under the MMWA, but an exclusive remedy.

appraisal based on the need for one, and the Martins offered his opinion for the court's consideration. His report certainly didn't create a triable issue.

Despite these proposed expert opinions, the Martins persist in saying the unit could not be fixed such that the court erred in finding, as a matter of law, the unit curable through a new leveling system. The Martins point to what they say creates a genuine issue for the jury. But Mr. Martin merely testified that he observed the leveling system not working properly and about his efforts to work with Thor's designated service center. Nothing on this record communicated his opinion that the unit was incurable, nor in truth was any foundation laid to support, for a jury's consideration, his personal knowledge of such incurability or, perhaps better said, his ability to express technical opinion. *See* Fed. R. Evid. 602, 701(c), 702.

A Poulsbo representative said the service center "pretty much threw a whole new leveling system at it," but this hyperbole isn't supported by the records of work that Poulsbo actually did, nor does "pretty much" mean that the parts Poulsbo replaced on the system really was a whole new leveling system. Even then, an independent service center might bring other expertise to bear or install an entirely new leveling system—just as the proposed experts here say or assume could be done—to go beyond Poulsbo's work. Once more, nothing on this record would permit a *reasonable jury* to find the defect incurable—and that was the question to be answered.

A motion to reconsider is appropriate when the court patently misunderstands a party, or makes a decision outside the adversarial issues, or makes an error of apprehension, not of reasoning, or addresses a controlling or significant change in the law or facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (quotation and citation omitted). These motions serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Whether purely under Rule 59, *see Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of*

*Chi.*, 456 F.3d 698, 701 (7th Cir. 2006), or under Rule 60(b)(1) or 60(b)(6), the Martins have not established a manifest error or an extraordinary circumstance requiring the judgment to be altered or vacated.

## CONCLUSION

Accordingly, the court DENIES the motion to reconsider [93].

SO ORDERED.

April 8, 2024  *s/ Damon R. Leichty*
                Judge, United States District Court